# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BESHOY SALIB,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1250-D** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Beshoy Salib, a citizen of Egypt proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 7). In accordance with the expedited briefing schedule, (Doc. 9), Respondents timely filed a Response. (Doc. 18). Petitioner timely filed a Reply. (Doc. 19). As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").

---

[1] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.    Factual Background

Petitioner is a citizen of Egypt who entered the United States on or about October 10, 2024.  (Doc. 18, at Ex. 1).  On October 11, 2024, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled.  (*Id.*)  On October 13, 2024, Petitioner was released from ICE custody pursuant to an order of release on recognizance.  (Doc. 1, at Ex. 1, at 3).  On February 17, 2025, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal.  (Doc. 18, at Ex. 2).  On August 12, 2025, ICE issued an arrest warrant for Petitioner pursuant to § 1226(a), (*id.* at Ex. 4), and re-detained him, (Doc. 18, at 3).  On August 26, 2025, ICE added new charges of inadmissibility to Petitioner's immigration case.  (*Id.* at Ex. 5).  On October 22, 2025, an immigration judge pretermitted Petitioner's asylum application, and Petitioner's appeal remains pending with the Board of Immigration Appeals ("BIA").  (Doc. 18, at Exs. 7, 8).

Petitioner requested a bond hearing twice and was denied both times because the immigration judge found he lacked jurisdiction to grant bond.  (Doc. 1, at 6; Doc. 18, at 3).  Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  (Doc. 18, at 1).  Petitioner's pre-removal-order immigration proceedings remain ongoing.  (*See* Doc. 1, at 6; Doc. 18, at 1).

**II.    Petitioner's Claims and Respondents' Responses**

Petitioner makes the following claims in support of his Petition:

1.  The revocation of his order of release on recognizance violated applicable regulations, statutes, and the Constitution.  (Doc. 1, at 7-8).

2.  His re-detention is unlawful under the INA because "Petitioner's detention is properly governed by 8 U.S.C. § 1226(a)" and not 8 U.S.C. § 1225(b)(2)(A).  (*Id.* at 8-10).

3.  His re-detention violates the Administrative Procedures Act.  (*Id.* at 10).

4.  His re-detention violates his procedural and substantive due process rights.  (*Id.* at 11-13).

5.  His re-detention violates the Eighth Amendment and Title VI of the Civil Rights Act.  (*Id.* at 13-14).

As relief Petitioner requests immediate release from custody or, in the alternative, a bond hearing where the government bears the burden of proving flight risk and dangerousness. (*Id.* at 14).  Petitioner also requests an award of attorney fees and costs authorized by law.[3]

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

3

(*Id*.)   Further, in two separate motions Petitioner requests that the Court prohibit his

removal[4] or transfer[5] during the pendency of this action.  (Docs. 6, 17).

---

[4] Federal law strips federal district courts of jurisdiction to consider "any cause or claim by or on behalf of any alien arising from the decision or action by [the Department of Homeland Security ("DHS")] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).  In the Tenth Circuit, a court must review whether a habeas petitioner's claims are "connected directly and immediately with a decision or action by the Attorney General" to commence proceedings, adjudicate cases, or execute removal orders.  *Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010).  An order by this Court prohibiting Petitioner's removal would directly relate to a decision to execute removal orders.  *See Olola v. U.S. Att'y Gen*., No. 18-CV-00058, 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) ("Federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal.") (citation modified); *see also, e.g., Makuey v. Scott*, No. 2:26-CV-00632, 2026 WL 925647, at *4 (W.D. Wash. Apr. 6, 2026) (holding the court lacks jurisdiction to stay petitioner's removal under § 1252(g)); *Hernandez Llanes v. Warden, Fla. Soft Side Det. Ctr*., No. 2:26-CV-1030, 2026 WL 925615, at *2 (M.D. Fla. Apr. 6, 2026) (same).  Accordingly, § 1252(g) strips the Court of jurisdiction to consider Petitioner's request to prohibit his removal.

[5] Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id*. (citation modified).  The decision regarding where to detain noncitizens awaiting removal proceedings is a discretionary power of the Secretary of DHS.  Under 8 U.S.C. § 1231(g)(1), ICE "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."   The Tenth Circuit has confirmed "the Attorney General is mandated to arrange for appropriate places of detention for [persons] detained pending removal." *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief"). Accordingly, § 1252(a)(2)(B)(ii) also bars judicial review of any decision by Respondents to transfer Petitioner to another ICE facility.  *See, e.g.*, *Lway Mu v. Whitaker*, 18-cv-06924, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding "it does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola*, 2018 WL 11446892, at *4 (finding § 1252(a)(2)(B)(ii) and § 1231(g) preclude judicial review of respondents' decision to transfer a noncitizen and "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or

Respondents state that Petitioner is subject to mandatory detention under 1225(b)(2)(A).  (Doc. 18, at 1).  They also state Petitioner's remaining claims are unmeritorious.  (*Id.* at 9-14).

### III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   Analysis

**A.     Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention.  Under the INA, detention of aliens who are "applicants for admission"[6] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a)

---

enjoined by the federal district courts").  Therefore, the undersigned concludes the Court does not have jurisdiction to prohibit Petitioner's transfer to another ICE facility.

[6] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

provides for the arrest of aliens on a warrant and grants ICE the discretion to continue

detention of the alien or to release the alien on bond.[7]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th

1226 (10th Cir. 2026), holding "that noncitizens who entered the United States and were

thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus

eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. The court reasoned based on the

statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering
> allows him to go back in time and make his initial entry lawful. The only
> time a noncitizen can be said to be seeking admission is when he is seeking
> to enter the United States at the border.  Since § 1225(b)(2)(A) applies only
> to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at 1239.  This statutory interpretation is binding on this Court and applicable to

Petitioner's factual circumstances.

That Petitioner has made an application for asylum does not render him "seeking

admission" and thereby subject to § 1225(b)(2)(A).  This is because "a noncitizen is

'seeking admission' when he takes some kind of ongoing action to request lawful entry

into the United States." *Id.* at 1238.  But "those who entered the United States without

admission and who have lived here since are categorically unable to seek admission while

---

[7] The regulations accompanying the statute explain the various levels of review for a bond
determination.  An ICE officer makes the initial detention or release determination, and the
alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release
would not pose a danger to property or persons, and that the alien is likely to appear for
any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should
be detained, the alien can seek review of that decision at a bond hearing before an
immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be
further appealed to the Board of Immigration Appeals ("BIA").  *Id*. § 236.1(d)(3).

they remain in the country" because "a person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* at 1239 (citation modified). And while "a noncitizen can request legal status even after he has entered the United States unlawfully," "he cannot request admission after the fact." *Id.* Thus, Petitioner's post-entry attempt to seek legal status does not make detention proper under § 1225(b)(2)(A).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

**B.      The Court Should Decline to Reach Due Process or Burden Shifting.**

Petitioner asserts that his detention without a bond hearing violates due process as well as the INA, and also argues that the government should be required to bear the burden of proof at a bond hearing. (Doc. 1, at 11-14). "[U]nder current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate to the satisfaction of the Immigration Judge that he or she merits release on bond, even though section 1226(a) does not explicitly contain such a requirement. To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified). The majority of Judges in this District have

either (a) declined to reach the issue of whether due process requires the government, rather than the non-citizen, to carry the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing[8] and/or (b) determined that due process does not require the burden to shift to the government.[9]  Acknowledging these decisions and in the interests of judicial economy, the undersigned recommends that the Court decline to address the issue.[10]

---

[8] *See e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026) (Judge Jones declining to address petitioner's due process claim and finding that the burden-shifting issue "is premature and not fit for adjudication at this stage"); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026) (same where no party objected to the recommendation for burden shifting); *Tabares Martinez v. Grant*, No. CIV-26-545-SLP, 2026 WL 1908094, at *2 (W.D. Okla. July 2, 2026) (Chief Judge Palk declining, without comment, to adopt the recommendation for burden shifting); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (Judge DeGiusti "declin[ing] to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (Judge Russell "declin[ing] to specify or alter the burden of proof at this stage.") (citation omitted).

[9] *See e.g.*, *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Singh v. Mullin*, CIV 26-712-HE, Doc. 13, at 6 (W.D. Okla. June 18, 2026) ("[T]he court concludes petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

[10] The undersigned has routinely recommended reaching the issue of due process and ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence. *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026).  In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and

8

## V.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody. The undersigned further recommends that Petitioner's motions for a temporary restraining order (Docs. 6, 17) prohibiting his removal or transfer be **DENIED**. *See supra*, notes 4 & 5.

**The Court advises the parties of their right to object to this Report and Recommendation by August 6, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[11] The Court advises the parties that failure to make timely objection to this report

---

convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir. 2020) (holding that when an alien is subject to prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

The undersigned additionally determines it is unnecessary to address Petitioner's remaining claims given the recommendation that his INA claim be granted.

[11] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 30th day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

10