**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BESHOY SALIB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1250-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

On May 29, 2026, Petitioner Beshoy Salib filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Earlier, on March 3, 2026, Petitioner filed a § 2241 habeas petition in the Northern District of Texas, challenging his detention in Immigration & Customs Enforcement (ICE) custody and seeking relief on the same claims raised in the Petition before this Court. *Salib v. Warden, Eden Det. Ctr.,* No. 6:26-CV-086-H, Doc. No. 1 (N.D. Tex. Mar. 3, 2026). On August 12, 2026, the Northern District of Texas dismissed Petitioner's claims with prejudice. *Salib,* No. 6:26-CV-086-H, Doc. Nos. 18-19 (N.D. Tex. Aug. 12, 2026).

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026). "If the first § 2241 is still pending, the later filed petition may be dismissed as duplicative and without prejudice." *Id*. (collecting cases). "The petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.*

On the other hand, if "the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ." *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026). "The 'abuse of the writ' doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Id.* (citing *Stanko v. Davis,* 617 F.3d 1262, 1268 (10th Cir. 2010)); *see also Lazare,* 2026 WL 2071154, at *2 ("The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new 'claims [that] could have been raised in an earlier [petition] . . . but were not.'" (quoting S*tanko,* 617 F.3d at 1270)). Although abuse of the writ may be raised *sua sponte,* the Court must give Petitioner notice and opportunity to respond. *See Stanko,* 617 F.3d at 1271-1272 (finding harmless error where the district court raised abuse of the writ *sua sponte* and did not give the petitioner "notice and an opportunity to respond before dismissing his petition as abusive").

"Once the Court identifies claims that were raised in a prior petition (or could have been raised), '[t]he burden to disprove abuse . . . becomes petitioner's.'" *Lazare,* 2026 WL 2071154, at *2 (quoting *McCleskey v. Zant,* 499 U.S. 467, 488 (1991)). And to meet his burden, "Petitioner must 'show that a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id.* (quoting *McKleskey,* 499 U.S. at 494-95).

Here, the Northern District of Texas dismissed Petitioner's petition in that court with prejudice. Thus, Petitioner must show the Court "that a fundamental miscarriage of justice would result from a failure to entertain" his claims in this district. *Id.*[1]

**IT IS THEREFORE ORDERED** that Petitioner shall show cause not later than August 31, 2026, why the Petition should not be dismissed as an abuse of the writ. If Petitioner fails to show cause, the Court may dismiss the Petition with prejudice.

**IT IS SO ORDERED** this 17th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Petitioner's counsel are reminded of their duty of candor the Court. Counsel did not notify the Court of the previously filed petition in the Northern District of Texas, and the Court independently discovered its existence. Counsel's conduct runs afoul of the rule against claim-splitting. *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit."); *see also Ogden v. Stephenson*, No. 22-cv-0296 WJ-GBW, 2023 WL 5805597, at *2 (D.N.M. Sept. 7, 2023) (noting that a petitioner is not permitted to "prosecute two concurrent § 2241 petitions at the same time"). "By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Katz,* 655 F.3d at 1217 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 985 (10th Cir. 2002)).