**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BESHOY SALIB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1250-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Petitioner Beshoy Salib filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Egypt who entered the United States in 2024. Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since August 2025, and his removal proceedings are ongoing. In the Petition, Petitioner challenges his detention on various grounds and alleges his detention violates the Immigration and Nationality Act. He seeks his immediate release from custody or in the alternative, a bond hearing.

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 7]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 18], and Petitioner filed a reply [Doc. No. 19].

On July 30, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 20], recommending that the Court grant in part the Petition and order Respondents to

provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 11].[1]

On August 17, 2026, the Court ordered Petitioner to show cause no later than August 31, 2026, as to why the Petition should not be dismissed as an abuse of the writ. Before seeking habeas relief in this Court, Petitioner filed a habeas petition in the Northern District of Texas, challenging the same detention as he now does in the Petition before the Court. On August 18, 2026, Petitioner responded to the Court's show cause order. Petitioner advises the Court that the Petition was only filed in the Western District of Oklahoma because ICE abruptly transferred him into this District, "making this [Court] the sole forum to adjudicate his custody." [Doc. No. 23, at 1]. Petitioner further contends that dismissal of the Petition "would work a fundamental miscarriage of justice" because the magistrate judge "has already recommended that the Petition be granted in part." *Id.*

First, Petitioner's transfer to Oklahoma did not make the Western District of Oklahoma the sole forum to adjudicate his habeas claims. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

---

[1] The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). However, the Court resolves Petitioner's habeas petition on a different basis not raised in the Report and Recommendation, thus, Respondents' objections are moot.

Second, Petitioner maintains that the Northern District of Texas never reached the merits of his habeas claims.[2] The Court disagrees.

In Petitioner's Northern District of Texas case, Judge Hendrix stated that the court "carefully considered the pro se petition as well as counsel's reply brief." *Salib v. Warden, Eden Det. Ctr.,* 6:26-CV-86-H, Doc. No. 18, at 2-3 (N.D. Tex. Aug. 12, 2026). The district court listed habeas cases filed by ICE detainees in the Northern District of Texas, where the court dismissed similar claims to those raised by Petitioner. *Id.* at 3-4. The court also found that Petitioner's Eighth and Fourteenth Amendment claims were "frivolous, given that the Eighth Amendment only applies to criminal punishment and that the Fourteenth Amendment does not govern federal action." *Id.* at 5. All in all, the district court thoroughly evaluated Petitioner's claims regarding the lawfulness of his detention in its order and denied Petitioner's habeas petition with prejudice. So, it is hard for the Court to see how the Northern District of Texas did not rule on the merits of Petitioner's claims.

"The Supreme Court has recognized 'abuse of the writ' as a body of equitable principles that defines when federal courts decline to entertain a claim raised in a second or subsequent habeas petition." *Sobirovich v. Rosa,* No. CV-26-05070-PHX-MTL, 2026 WL 2333494, at *1 (D. Ariz. Aug. 12, 2026) (citing *McCleskey v. Zant*, 499 U.S. 467, 470,

---

[2] Petitioner also states that the Northern District of Texas "raised the question of mootness" based on erroneous Enforcement of Immigration Removal (EOIR) case information, "[a]s reflected in this Court's Order." [Doc. No. 23, at 3]. But the Court's Order [Doc. No. 22] never discusses mootness. The Northern District of Texas ordered Petitioner and the Government to provide a status update on whether Petitioner had been removed, [Doc. No. 14], but the court dismissed Petitioner's habeas claims with prejudice on a separate basis than mootness.

489 (1991)). The Tenth Circuit has held that the gatekeeping mechanisms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), requiring habeas petitioners to obtain authorization from the appropriate Court of Appeals, does not apply to 28 U.S.C. § 2241 habeas petitions brought by "alien detainees." *Stanko v. Davis,* 617 F.3d 1262, 1268-69 (10th Cir. 2010). However, in doing so, the Tenth Circuit noted that AEDPA left intact traditional pre-ADEPA habeas principles, such as the abuse of the writ doctrine. *Id.* at 1269-72; *see also Arrington v. United States Bureau of Prisons,* No. CIV-25-00615-JD, 2026 WL 94643, at *2 (W.D. Okla. Jan. 13, 2026) ("Under pre-AEDPA principles, a district court 'is permitted, not compelled, to decline to entertain' a habeas petition that asserts a claim that 'was previously heard and decided.'") (quoting *Sanders v. United States,* 373 U.S. 1, 12 (1963)).

Here, Petitioner's habeas petition raises claims that were already adjudicated by the Northern District of Texas. *Salib,* No. 6:26-CV-086-H, Doc. No. 18, at 1 ("[T]he Court construes Salib's claims for relief as challenging his detention without bond as a violation of the INA, its implementing regulations, the APA, Accardi doctrine, and the Fifth Amendment's Due Process Clause.").

Petitioner maintains that even if the abuse of writ framework applies, he readily satisfies the exception for a "fundamental miscarriage of justice." Petitioner's only support for his proposition is that the magistrate judge has recommended habeas relief, and that as a result, if the Court denies relief, it will be a fundamental miscarriage of justice. Petitioner does not cite caselaw to support his proposition. Furthermore, when the magistrate judge issued the Report and Recommendation, neither Petitioner nor Respondents had informed

the Court of the existence of Petitioner's first habeas petition in the Northern District of Texas.[3]

Therefore, the Court finds that Petitioner has not shown cause for bringing a successive petition, or that a fundamental miscarriage of justice will result from the failure to entertain his claims. *See McCleskey*, 499 U.S. at 494-95.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **DECLINED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**. The following motions are **DENIED as moot**: Petitioner's Emergency Motion for Expedited Consideration and for a Temporary Restraining Order [Doc. No. 6]; Petitioner's Motion to Prohibit Transfer or Removal Pending Adjudication of the Petition, and for Expedited Consideration [Doc. No. 17]; and Petitioner's Motion to Expedite Adoption of the Report and Recommendation [Doc. No. 25].

A separate judgment shall be entered.

[3] The abuse of the writ doctrine may be raised *sua sponte* if the habeas petitioner is given notice and the opportunity to respond. *See Stanko,* 617 F.3d at 1271-72 (finding harmless error where the district court raised abuse of the writ *sua sponte* and did not give the petitioner "notice and an opportunity to respond before dismissing his petition as abuse"); *cf. Franklin v. Martinez,* No. 2:23-CV-799 DHU/KRS, 2025 WL 2070845, at *2 (D.N.M. July 23, 2025) ("Although the court may raise the statutory bar *sua sponte,* the petitioner must be given notice and an opportunity to respond at least with respect to abusive claims.").

**IT IS SO ORDERED** this 30th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE